UNITED STATES of America,
Plaintiff,

v.

ONE PARCEL OF REAL ESTATE LO-
CATED AT 1948 MARTIN LUTHER
KING DRIVE, SPRINGFIELD, ILLI-
NOIS, et al., Defendants.

No. 97–3022.

United States District Court,
C.D. Illinois,
Springfield Division.

April 4, 2002.

Esteban F. Sanchez, Office of U.S. Atty., Springfield, IL, for Plaintiff.

Bruce D. Locher, Springfield, IL, for Defendant.

## OPINION

RICHARD MILLS, District Judge.

When attorney Bruce Locher's discovery motion was denied, he took an underhanded course to obtain that which the Court said he could not have.

There is a price to be paid for this misconduct.

Mr. Locher is sanctioned $1,000.00.

## FACTS

Mr. Locher represented Marvin Logan, father of Springfield area drug kingpin

Melvin Logan, in a civil forfeiture case before this Court.

On May 26, 1999, Mr. Locher sought leave to file a motion for production of probation and parole records. In its June 7, 1999, Order, the Court informed Mr. Locher that the discovery deadline expired on March 19, 1999, that the deadline had previously been extended for his benefit by a period of 120 days, and that he had ample time within the extended discovery period to file a timely motion for production. Explaining that it would "not sanction the current attempt to extend discovery well beyond the Court imposed deadline as the trial" approached, the Court denied Mr. Locher's motion for production. The Court also warned him that it would not tolerate additional delay and that further "dilatory conduct may justify the imposition of sanctions."

Try as the Court did to impress on Mr. Locher that its patience and the discovery period had both ended, these efforts were to no avail.

On August 19, 1999, Mr. Locher appeared in U.S. District Judge Jeanne E. Scott's courtroom during a sentencing hearing for Melvin Logan, the drug kingpin who supplied the money used to purchase the real estate, cars, etc. at issue in the forfeiture case. Without ever mentioning this Court's June 7, 1999, Order, or the fact that discovery had expired, Mr. Locher made an oral motion for a copy of Melvin Logan's presentence investigation report ("PSR"). Judge Scott asked Melvin Logan, his attorney, and counsel for the Government if any of them objected to Mr. Locher's motion. When no one objected, Judge Scott ordered the United States Probation Office to provide Mr. Locher with a copy of Logan's PSR.

Mr. Locher's backdoor ploy might have gone undetected had his co-counsel not used the PSR to later cross examine a Government witness. When the Court asked co-counsel how he got a copy of the PSR, co-counsel said that "It was disclosed as a result of the motion that Mr. Locher made orally to Judge Scott."

The Court inquired of Mr. Locher whether he told Judge Scott that he had moved for a copy of the PSR on May 26, 1999, and that the Court denied his motion in its June 7 Order. Mr. Locher admitted that he did not tell Judge Scott about the June 7 Order.

The Court informed Mr. Locher that it was of the opinion he "appear[ed] to have at the least dissembled with Judge Scott and tried to go in the back door and get what he could not get in through the front of this case." It invited Mr. Locher to dissuade it of that opinion, and he explained:

> Your Honor, my motion which was filed May 26th, 1999, asked this Court specifically for the probation and parole records of certain informant witnesses that the Government intended to call during the trial. And that was the motion that this Court ruled upon and denied. Melvin Logan is not an informant witness. He's a defendant in that case. That's the motion that was before the Court, Your Honor. That's the motion you denied.

R. at 639.

The Court held the issue of Mr. Locher's conduct in abeyance until March of 2000. At that time, the Court issued two opinions. One held that 18 of the properties at issue in the forfeiture case should be forfeited. The other ordered Mr. Locher to pay $1,000.00 in sanctions "for his willful failure to abide by the Court's ruling and for his deceptive and disobedient conduct in obtaining Melvin Logan's PSR."[1] *See*

---

1. Mr. Locher paid his $1000.00 sanction to the Clerk's Office on April 28, 2000.

*United States v. One Parcel of Real Estate Located at 1948 Martin Luther King Drive, Springfield, Ill.,* 2000 WL 331749, *3 (C.D.Ill.). Given the egregious nature of Mr. Locher's actions and the preposterous explanation he offered for his misconduct, the Court believed that a sanction hearing was unnecessary.

Mr. Locher appealed both the forfeiture of the properties and the leveling of sanctions. On November 5, 2001, the Seventh Circuit Court of Appeals affirmed the forfeiture, but held that Mr. Locher should have been afforded a hearing prior to being sanctioned. It remanded the case for the limited purpose of affording Mr. Locher a sanction hearing. *See United States v.1948 South Martin Luther King Drive,* 270 F.3d 1102, 1116 (7th Cir.2001).

Pursuant to the Seventh Circuit's instructions, this Court held a sanctions hearing on March 26, 2002. Mr. Locher did not call any witnesses to speak in his defense. Rather, he testified under oath to the events described above and again stated that his request for and acquisition of Melvin Logan's PSR did not violate the June 7 Order because the Order only denied discovery of materials relating to government witnesses and Melvin Logan's PSR was not such a material since Melvin Logan was not a Government witness.

## ANALYSIS

 Once a court notifies a party of its intention to impose sanctions, and the party is given an opportunity to respond, the court may impose sanctions via its inherent powers. *See Larsen v. City of Beloit,* 130 F.3d 1278, 1287 (7th Cir.1997). The inherent powers doctrine allows a court "to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *See Chambers v.*

*NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991) (citation omitted). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (citations omitted). Moreover, they reach "both conduct before the court and that beyond the court's confines, for '[t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings.'" *See* 501 U.S. at 44, 111 S.Ct. at 2132 (citations omitted).

In the instant case, Mr. Locher admits under oath that even though the Court's June 7 Order denied his motion to discover probation and parole records he nevertheless sought a copy of Melvin Logan's PSR for "discovery purposes". One would think that these admissions would be followed by the sound of a man apologizing for his misconduct. But rather than own up to his misconduct, Mr. Locher tries to justify his actions with one ridiculous explanation after another.

Initially, Mr. Locher claims he did not understand the June 7 Order to bar additional discovery. However, when pressed on the obvious language of the Order's denial, Mr. Locher tries to get around its meaning by asserting that he is "not competent" to render an opinion as to the meaning of the Court's Order.[2] Mr. Locher cannot have it both ways on this point: either he is competent or he is not. If he wishes to claim he is incompetent, his next argument certainly supports his position.

 In his next argument, Mr. Locher contends that the June 7 Order did not bar him from seeking Melvin Logan's PSR because the Order only denied discovery of

---

**2.** This is an unfortunate position for Mr. Locher to take since an attorney's most basic task is to interpret legal documents and the Court's June 7 Order is one of the more straightforward legal documents an attorney will ever find.

materials relating to Government witnesses and the Government was not going to call Logan as a witness. Kindly put, Mr. Locher's argument is ludicrous.

*First,* the June 7 Order denied all additional discovery attempts because the discovery deadline had expired. Thus, the Government's decision to use or not use a witness was not some magic factor that allowed Mr. Locher to proceed with discovery. Mr. Locher should have known this.[3]

*Second,* if Mr. Locher truly believed Melvin Logan's PSR was discoverable because the Government was not going to call Logan as a witness, he should have filed a discovery motion with *this* Court. Instead, he went before another judge and requested the PSR without ever mentioning that this Court—a brother district judge in the same courthouse—had denied his discovery request. This shifty conduct speaks volumes of Mr. Locher and the credibility of his construction of the June 7 Order.

*Third,* even if Mr. Locher could have reasonably construed the June 7 Order in the manner he did (and the Court emphasizes that he could not), he would still have to explain how his August 19, 1999, oral motion[4] for the PSR could be appropriate given that the discovery period ended four months earlier. Once the discovery deadline ended, Mr. Locher was no longer allowed to seek out the PSR or any other discovery materials. Nevertheless, he admitted at his sanction hearing that he sought Melvin Logan's PSR "for discovery purposes."

Mr. Locher's misconduct is a sorry affair surpassed only by the patently fallacious explanations he offers to justify his actions. The Court is dismayed by his actions and his explanations alike.

*Ergo,* the $1,000.00 sanction the Court previously imposed on Mr. Locher remains in effect.

IT IS SO ORDERED.

CASE CLOSED.

---

3. Moreover, the Government's September 15, 1999, witness list names Melvin Logan as its first witness-a point which seriously detracts from whatever merit Mr. Locher's argument might have had. (Melvin Logan was also the first name on Mr. Locher's witness list.)

4. Incidentally, a PSR is a confidential record maintained by the U.S. Probation Office and it is not discoverable on oral motion. Local Rule 57.2(A) clearly states that "Any person seeking release of any confidential records maintained by the U.S. Probation Office, including presentence and supervision records, must file a written request with the court for such records, which establishes with particularity the need for specific information in the records." Mr. Locher's failure to file a written motion that complied with Local Rule 57.2(A) appears to be yet another element of his deception. By making an oral motion instead of a written motion, Mr. Locher apparently was trying to prevent this Court from finding out that he had gone behind the Court's back to get Logan's PSR.